## PROVIDENCE COUNTY.

JAMES TILLINGHAST, Administrator, *vs.* JOB ANDREWS *et als.*

Residuary testamentary disposition as follows: —

"*Eighthly.* After the decease of my said wife and the discharge of the appropriations before named, I hereby give, devise, and bequeath all the rest and residue of my estate, both real and personal, to the children of my late and now brothers and sisters who may be actually alive at the decease of my said wife, in manner, and subject to the provisions hereinafter mentioned, to wit: —

"To the children of my late sister, Alice Smith, wife of the late Reverend John Smith, one seventh part; to the children of my late brother, Elkanah Andrews, one seventh part; to the children of my late brother, Joseph Andrews, one seventh part; to the children of my late brother, David Andrews, one seventh part; to the children of my sister, Polly Wood, wife of William Wood, one seventh part; to the children of my brother, William Andrews, one seventh part; and to the children of my sister, Clarissa Richmond, wife of William Richmond, 2d, one seventh part, after deducting therefrom the sum of five hundred dollars and the interest on the said five hundred dollars from the fourteenth day of December, one thousand eight hundred and twenty-one.

"And my will further is, that in case my said sister, Polly Wood, should survive my said wife, that the income of that part of my estate given to her children shall be paid half yearly to her, during the term of her life.

"And should my said brother, William Andrews, survive my said wife, that the income of that part of my estate given to his children shall be paid to him half yearly, during the term of his life. And should my said sister, Clarissa Richmond, survive my said wife, that the income of that part of my estate given to her children shall be paid to her half yearly, during the term of her life — the proportions or shares of my estate belonging to those children whose parents may be alive at the decease of my wife, as aforesaid, to be retained in the hands of my executors until the decease of their respective parents above named.

*Held,* that the gift was of the residue and in distinct seventh parts to such of the children of his seven brothers and sisters as might survive his wife, one part being given to each brother's or sister's children so surviving.

*Held,* further, that the gift could not be construed as being to the nephews and nieces as a class.

*Held,* further, that the seventh part which was given to such of the children of the sister, Alice Smith, as should survive the wife, has lapsed, all of her children having died before his wife; that grandchildren could not under the provisions of the clause be allowed to take as children; and that the seventh part so lapsed must be distributed as intestate estate.

*Held*, further, that the five' hundred dollars and interest to be deducted from the seventh given to the children of Clarissa Richmond falls into the residue again to be distributed as such.

BILL IN EQUITY to ascertain the respective rights of claimants under the eighth clause of the will of Thomas Andrews. The clause is as follows : —

" *Eighthly*. After the decease of my said wife and the discharge of the appropriations before named, I hereby give, devise, and bequeath all the rest and residue of my estate, both real and personal, to the children of my late and now brothers and sisters who may be actually alive at the decease of my said wife, in manner, and subject to the provisions hereinafter mentioned, to wit : —

" To the children of my late sister, Alice Smith, wife of the late Reverend John Smith, one seventh part; to the children of my late brother, Elkanah Andrews, one seventh part; to the children of my late brother, Joseph Andrews, one seventh part; to the children of my late brother, David Andrews, one seventh part; to the children of my sister, Polly Wood, wife of William Wood, one seventh part ; to the children of my brother, William Andrews, one seventh part; and to the children of my sister, Clarissa Richmond, wife of William Richmond, 2d, one seventh part, after deducting therefrom the sum of five hundred dollars and the interest on the said five hundred dollars from the fourteenth day of December, one thousand eight hundred and twenty-one.

" And my will further is, that in case my said sister, Polly Wood, should survive my said wife, that the income of that part of my estate given to her children shall be paid half yearly to her, during the term of her life.

" And should my said brother, William Andrews, survive my said wife, that the income of that part of my estate given to his children shall be paid to him half yearly, during the term of his life. And should my said sister, Clarissa Richmond, survive my said wife, that the income of that part of my estate given to her children shall be paid to her half yearly, during the term of her life — the proportions or shares of my estate belonging to those children whose parents may be alive at the decease of my wife, as aforesaid, to be retained in the hands of my executors until the decease of their respective parents above named."

*August* 15, 1874.    DURFEE, J.    We are of the opinion that the eighth clause of the will of Thomas Andrews is to be construed as a bequest of the residue of his estate, in distinct seventh parts, to such of the children of his seven brothers and sisters as might survive his wife, one part being given to each brother's or sister's children so surviving.    We cannot construe the bequest as a bequest by the testator to his nephews and nieces as a class, for the will itself divides them into seven classes, and gives to them in varying and indeterminate proportions, according as the classes to which they severally belong may vary in numbers at the death of his wife.    It results from our construction, that the seventh part which was given to such of the children of the sister, Alice Smith, as should survive the wife, has lapsed, all of her children having died before his wife; for we do not think this is a case in which grandchildren can be permitted to take under the designation of children.    The seventh part so lapsed must be distributed as intestate estate.

In regard to the five hundred dollars and interest, which is directed to be deducted from the seventh given to the children of Clarissa Richmond, we are of the opinion that the sum when deducted will again fall into the residue to be distributed as such, though we adopt this opinion not without some hesitation.

A decree may be entered to provide for a distribution of the residue in accordance with these views.

*James Tillinghast, pro se ipso.*

*John T. Pitman,* for several of the respondents.